UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                          No. 04-72180

v.                                    District Judge Paul D. Borman
                                                  Magistrate Judge R. Steven Whalen

ELI HARVEY,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant Eli Harvey's Motion to Stay Writ of Garnishment and for Evidentiary Hearing [Doc. #74], which has been referred under 28 U.S.C. § 636(b)(3). Because this is a post-judgment matter, I must proceed by Report and Recommendation. *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993). I recommend that Defendant's motion [Doc. #74] be DENIED and that Plaintiff be granted a writ of continuing garnishment as to Defendant's employer, The PIC Group, Inc.

### Discussion

At present, there is no writ of garnishment that has been issued to The Pic Group, Inc., Defendant's employer. A previous writ of garnishment was withdrawn by agreement of the parties, who agreed to a voluntary payment plan in lieu of garnishment. *See* Order Dismissing Defendant's Objection to Writ of Garnishment [Doc. #72]. Thus, although Plaintiff has filed a new request for garnishment as to garnishee The Pic Group, Inc. [Doc. #78], there is presently nothing to stay.

However, apart from the issue of mootness, the arguments that Defendant raises in

his present motion–allegedly improper service of pleadings, failure to credit payments, and satisfaction of the debt–were raised in his previous motion [Doc. #61]. Defendant dismissed the previous motion and waived those arguments, agreeing instead to a voluntary payment plan, the terms of which were put on the record in open court on November 13, 2014. In other words, Plaintiff and Defendant entered into a post-judgment settlement regarding payment.

This Court has the equitable power to enforce a settlement agreement, *Brock v. Scheuner Corp.,* 841 F.2d 151, 154 (6th Cir.1988). Enforceability of a settlement agreement is analyzed under principles of contract law, and "[p]art of [the] threshold interpretation is the question of whether the terms of the...contract are ambiguous." *Morgan Stanley Group Inc. v. New England Ins. Co.*, 225 F.3d 270, 275 (2nd Cir. 2000). The grant or denial of a motion to enforce a settlement agreement is entrusted to the court's discretion. *Re/Max International, Inc. V. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001).

There is nothing ambiguous about Defendant's agreement to a payment plan for the amount owing (as substantiated by the Plaintiff) in lieu of garnishment and dismissal of his objections to garnishment, in exchange for Plaintiff's agreement to withdraw the writ of garnishment. By failing to make the agreed-upon payments and by resurrecting his previously waived objections, Defendant has breached the agreement. To effectuate enforcement, an appropriate remedy would be to deny Defendant's motion to stay and grant the Plaintiff a writ of garnishment as to Defendant's employer, The PIC Group, Inc.

## Conclusion

I recommend that Defendant's Motion to Stay Writ of Garnishment and for Evidentiary Hearing [Doc. #74] be DENIED and that Plaintiff be granted a writ of

continuing garnishment as to Defendant's employer, The PIC Group, Inc.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: October 22, 2015

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 22, 2015, electronically and/or by U.S. mail.

s/C. Ciesla
Case Manager