UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                              No. 04-72180

v.                                       District Judge Paul D. Borman
                                          Magistrate Judge R. Steven Whalen

ELI HARVEY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is a student loan case. On February 7, 2007, the Court granted summary judgment in favor of the Plaintiff [Doc. #40]. Before the Court at this time are Defendant Eli Harvey's two motions to set aside garnishment [Doc. #89 and Doc. #101], as well as his two motions to stay writs of garnishment and for evidentiary hearings [Doc. #95 and Doc. #106], and his separate motion for evidentiary hearing [Doc. #110], which have been referred for Reports and Recommendations under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that all five motions be DENIED.

**I.   BACKGROUND**

Following the grant of summary judgment to the Plaintiff, Mr. Harvey has been before this Court several times seeking to set aside writs of continuing garnishment. On October 9, 2007, the Court denied his objections to a writ of garnishment issued to the

Detroit Board of Education and the Michigan Department of Treasury [Doc. #57]. On October 17, 2014, Mr. Harvey filed objections to a writ of garnishment issued to his employer, the PIC Group, Inc. [Doc. #61 ]. The Court dismissed the objections as moot because the parties entered into a voluntary payment agreement whereby Mr. Harvey would execute a wage assignment from his employer. In agreeing to this settlement, Mr. Harvey dismissed his motion.

On June 8, 2015, Mr. Harvey filed another motion for stay of writ of garnishment [Doc. #74]. On October 22, 2015, I issued a Report and Recommendation that Mr. Harvey's motion for stay be denied [Doc. #79]. I rejected his arguments regarding improper service, failure to credit payments, and satisfaction of the debts because "Defendant dismissed the previous motion and waived those arguments, agreeing instead to a voluntary payment plan, the terms of which were put on the record in open court on November 13, 2014. In other words, Plaintiff and Defendant entered into a post-judgment settlement regarding payment." *Report and Recommendation* [Doc. #79], at 2. I therefore recommended denial of Mr. Harvey's motion as enforcement of a settlement agreement. *Id.* at 2-3.[1] On January 11, 2016, the Court adopted my Report and Recommendation and

---

[1] The Report and Recommendation stated as follows:

"There is nothing ambiguous about Defendant's agreement to a payment plan for the amount owing (as substantiated by the Plaintiff) in lieu of garnishment and dismissal of his objections to garnishment, in exchange for Plaintiff's agreement to withdraw the writ of garnishment. By failing to make the agreed-upon payments and by resurrecting his previously waived

denied Mr. Harvey's motion [Doc. #80].

Mr. Harvey did not execute a wage assignment, as he had agreed to do. A writ of garnishment was again issued to his employer, PIC Group, Inc. On March 2, 2016, the Court entered an order directing the garnishee to pay 25% of Mr. Harvey's disposable weekly income to the Department of Treasury. The Order reflected that on February 2, 2016, Mr. Harvey was notified of his right to a hearing, but had not requested a hearing to determine exempt property [Doc. #86].

On March 8, 2016, Mr. Harvey filed the present motion to stay/set aside writ of garnishment [Doc. #89], and filed subsequent similar motions between April 1 and May 16, 2016 [Doc. #s 95, 101, and 106]. I scheduled a hearing on Mr. Harvey's motions for June 1, 2016. Before the hearing, the parties again engaged in discussions, and reached a resolution that was placed on the record as follows:

> THE COURT: I had, Mr. Harvey, your objections to a writ of garnishment. And I understand you've had some discussions and arrived at a resolution?
>
> MS. PEARSON: That's correct, Your Honor. We're going to submit an order to the Court which will basically state as follows:
>
> That Mr. Harvey's objections to the writ of garnishment directed to the PIC Group are withdrawn. In turn, our office is going to withdraw the writ of garnishment and in its place we're going to enter into a voluntary wage assignment whereby Mr. Harvey will make payments of #38 bi-weekly that

---

objections, Defendant has breached the agreement. To effectuate enforcement, an appropriate remedy would be to deny Defendant's motion to stay and grant the Plaintiff a writ of garnishment as to Defendant's employer, The PIC Group, Inc."

his employer will take directly from his check and send to the plaintiff.

THE COURT: Okay. Mr. Harvey, is that right?

THE DEFENDANT: Yeah. And I appreciate that because–as long as we can make sure that there's nothing showing garnishment so it won't affect my credit.

*Transcript of Hearing* [Doc. #109], at 3-4.

Yet not even two week later, on June 13, 2016, Mr. Harvey filed another motion for hearing [Doc. #110], along with a letter [Doc. #11], which I will construe as part of the motion. Mr. Harvey apparently seeks to retract the agreement he made on the record, stating that he paid $5,000 for a class he never attended, and that he no longer works for previous garnishee PIC Group.

## II. DISCUSSION

This is getting old. First, in exchange for the resolution placed on the record on June 1, 2016, Mr. Harvey withdrew all of the objections to the garnishment directed at the PIC Group. As I discussed in my previous Report and Recommendation, he has waived all of those objections. He agreed on the record to withdraw those objections. Therefore, his motions to set aside garnishment [Doc. #89 and Doc. #101], and to stay garnishment [Doc. #95 and Doc. #106], must be denied. In addition, his current statement that he is no longer employed by PIC group, if true, would render the motions moot.

This being the case, there is no need for the hearing that he requests in Doc. #110. Mr. Harvey appeared for a hearing on June 1, 2016, and waived all of his objections. His

motion for hearing must also be denied.

### III. CONCLUSION

I recommend that Defendant Eli Harvey's two motions to set aside garnishment [Doc. #89 and Doc. #101], as well as his two motions to stay writs of garnishment and for evidentiary hearings [Doc. #95 and Doc. #106], and his separate motion for evidentiary hearing [Doc. #110] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by

motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: February 21, 2017

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 21, 2017, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager