UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ELI HARVEY,

    Defendant.

and

THE PIC GROUP, INC.,

    Garnishnee.
_____/

No. 04-72180

Paul D. Borman
United States District Judge

R. Steven Whalen
United States Magistrate Judge

ORDER (1) ADOPTING MAGISTRATE JUDGE R. STEVEN WHALEN'S
FEBRUARY 21, 2017 REPORT AND RECOMMENDATION (ECF NO. 113),
(2) REJECTING DEFENDANT'S OBJECTIONS TO THE
REPORT AND RECOMMENDATION (ECF NO. 116);
(3) DENYING DEFENDANT'S MOTIONS TO SET ASIDE GARNISHMENT
(ECF NOS. 89, 101); (4) DENYING DEFENDANT'S MOTIONS TO STAY
AND FOR EVIDENTIARY HEARING (ECF NOS. 95, 106); AND
(5) DENYING DEFENDANT'S MOTION FOR SEPARATE
EVIDENTIARY HEARING (ECF NO. 110)

On February 21, 2017, Magistrate Judge R. Steven Whalen issued a Report and Recommendation (ECF No. 113) in this 13-year old student loan case to deny Defendant's two motions to set aside garnishment (ECF Nos. 89, 101), to deny

1

Defendant's two motions to stay writs of garnishment and for evidentiary hearing (ECF Nos. 95, 106), and to deny Defendant's motion for separate evidentiary hearing (ECF No. 110). The Defendant filed Objections to the Report and Recommendation (ECF No. 116).[1] The Plaintiff filed a Response to Defendant's Objections. (ECF No. 120.) Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court REJECTS Defendant's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, DENIES Defendant's motions to set aside garnishments, DENIES Defendant's motion to stay writs of garnishment and for an evidentiary hearing, and DENIES Defendant's separate motion for an evidentiary hearing.

## I.   BACKGROUND

The Magistrate Judge's Report and Recommendation thoroughly reports the relevant history of this student loan case, and the Court adopts that summary here. (Report 1-4.)

---

[1] The Defendant also filed two other documents that did not specifically refer to the February 21, 2017 Report and Recommendation but did refer to the motions underlying that Report. (ECF Nos. 114, 115.) The Plaintiff also filed Responses to these filings. (ECF Nos. 118, 119.) The Court has reviewed these filings and finds them to be general complaints about the resolution of his case and not specific objections directed to the Magistrate Judge's Report and Recommendation.

## II. STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir. 1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection.

*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (alterations added). "As long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the district court and appeal to this court if it fails to file an objection." *Id*.

### III. ANALYSIS

Defendant's objections fail to specify the findings of the Magistrate Judge that the Defendant believes are in error. Defendant merely retells his side of this student loan action but does not pinpoint any specific error that he claims the Magistrate Judge committed and merely restates the very same arguments that the Magistrate Judge expressly rejected. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not

4

considered a valid objection. *Howard*, 932 F.2d at 509. Accordingly, the Court REJECTS Defendant's Objections.

## IV.   CONCLUSION

For the foregoing reasons, the Court:

1) ADOPTS Magistrate Judge Whalen's February 21, 2017 Report and Recommendation (ECF No. 113);

2) REJECTS Defendant's Objections (ECF No. 116);

3) DENIES Defendant's motions to set aside garnishment (ECF Nos. 89, 101);

4) DENIES Defendant's motions to stay writs of garnishment and for evidentiary hearing (ECF Nos. 95, 106); and

5) DENIES Defendant's motion for evidentiary hearing (ECF No. 110).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 30, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2017.

s/Deborah Tofil  
Case Manager